Judge Owsley
delivered the opinion of the court.
This writ of error is brought to reverse a judgment of the circuit court of Bullitt, rendered in favor of Gentry, op *556 the trial of an appeal from a judgment of a justice of the peace, also pronounced in his favor upon a warrant which had beeh sued out against him by Hail.
Wicldiffe for plaintiff, B, Hardin for defendant in error.
. A as-ttie'pendeiicy ofasuitupon th operates S^he-suitA*
On appeal from a judg. Ute1 of^tóe peaceaga'mst the defend’!. io the circuit court occupies the oí a
er.- n iiat 1that'e,a blt’ff should have a good 'llorTas °\veU at the trial as at the *ffthe sí t1
On the trial, had without pleading in writing, in the circuit court, after the obligation, upon which Hall’s demand is founded, was produced in evidence, the counsel of Gentry read in evidence an endorsement on the obligation, purporting to assign the saijte to Wyatt Gentry, Nicholas Gentry and John Hall, and upon his motion, the court instructed the jury, that if they believed the assignment, they must find for Gentry. And whether the court decided correctly, is the main and only question necessary to be noticed by this court.
The obligation being in its nature assignable, and form* ⅛ che basis of an action, there is no question, but that .if it had been assigned before the emanation of the wor-rant, Hal! could not maintain the suit in his name, but as l'ie ass'gument appears not to have been made until after the rendition of the judgment appealed from, it iscontend-ed that Hall’s right to recover cannot have been thereby defeated. ' ' : ”
TYe not, however, suppose, that the circumstance of the judgment having been given by the justice before the ass’^nmeiitt cai) have any material bearing upon the case. f’°r by ihe act regulating proceedings in such cases, the trial is directed to be had in the circuit court Upon the merits, as though no trial had previously taken place, it is obvious the judgment of the justice must, by an appeal, become inoperative, and, consequently, the defendant in the warrant should assume the attitude of a defendant in the circuit court, and be entitled to every privilege and allowed to urge every defence whip!} would be availing in an action originating in that court.
*° *l,c^/ an ac^l0n) the subsequent assignment ffhe bond upon which it might be founded, would form an availing defence, we entertain no doubt,
For it is not only necessary Jthat the plaintiff should have a S00c* cause °f action at its commencement, but to entitle him to recover, he should, moreover, have a subsisting cause action at the trial.
A majority of the court, therefore, judge Rowan disputing, are of opinion that the instructions of the circuit court are correct, and the judgment must be affirmed with cost.
*557 Judge Rowan
is of the opinion, that when a suit, is in-stituled upon a note or bill, the negotiability of the paper ceases with the commencement of the suit, is suspended during its progress, and expires with its termination in a final judgment. By the institution of the suit thereon, the paper is withdrawn from the theatre of commerce to the temple of justice, which can no more than that of our holy religion, be occupied or polluted by money changers. That the process,of adjudication upon, and the negotiation of, tlie same note, at the same time, are intrinsically incongruous- the former settles, the latter generates disputes.
He is therefore of opinion, that the assignment is either inoperative, or operates to transfer the beneficial effect, or result of the suit, the note having been incorporated in the suit, at the time the assignment Was made. His brethren consider the assignment as operating upon the note in exclusion of the suit, 'with which it is incorporated, and importing a transfer of the cause of action, and of course a dismissal of the suit: He considers (if it is to operate at all) that it operates upon the note in its slate of identification with the suit, and should be interpreted as a, transfer of the beneficial result of both, and not a dismissal of thg puit — uSensus verborum cx causa dicendi accipimdm esK”,